# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HOUMA TERREBONNE SOCCER ASSOCIATION, a Louisiana non-profit corporation,<br><br>and<br><br>MATTHEW PAUL FERGUSON,<br>a citizen of the U.K.,<br><br> Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>Serve: Executive Office<br>   Office of the Legal Advisor<br>   Suite 5.600<br>   600 19th St. NW<br>   Washington, DC 20522<br><br>EMBASSY OF THE UNITED STATES IN LONDON, UNITED KINGDOM,<br><br>Serve: Executive Office<br>   Office of the Legal Advisor<br>   Suite 5.600<br>   600 19th St. NW<br>   Washington, DC 20522<br><br>ANTONY BLINKEN,<br>United States Secretary of State,<br><br>Serve: Executive Office<br>   Office of the Legal Advisor<br>   Suite 5.600<br>   600 19th St. NW<br>   Washington, DC 20522 | Civil Case No. _____ |

| | |
|---|---|
| YAEL LEMPERT, Chargé d'Affaires <br> U.S. Embassy in London, United Kingdom <br> <br> Serve:  Executive Office <br>        Office of the Legal Advisor <br>        Suite 5.600 <br>        600 19th St. NW <br>        Washington, DC 20522 <br> <br> JOHN DOE I, Chief of the Immigrant Visa Section, <br> U.S. Embassy in London, United Kingdom <br> <br> Serve:  Executive Office <br>        Office of the Legal Advisor <br>        Suite 5.600 <br>        600 19th St. NW <br>        Washington, DC 20522 <br> <br> JOHN DOE II, Consular Officer, IV Section <br> U.S. Embassy in London, United Kingdom <br> <br> Serve:  Executive Office <br>        Office of the Legal Advisor <br>        Suite 5.600 <br>        600 19th St. NW <br>        Washington, DC 20522 | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND PETITION FOR WRIT OF MANDAMUS

COME NOW the plaintiffs, Houma Terrebonne Soccer Association ("HTSA") and Matthew Paul Ferguson (hereinafter collectively referred to as "Plaintiffs"), who, through undersigned counsel, respectfully request this Honorable Court issue a writ of mandamus compelling the Defendants to adjudicate the immigrant visa application of Matthew Paul Ferguson, or alternatively, to hold a hearing on this matter and render other such declaratory or injunctive relief as this Honorable Court deems proper. In furtherance hereof, Plaintiffs respectfully state the following:

# I. PREFATORY STATEMENT

1. This action relates to an immigrant visa application pending before the Department of State at the U.S. Embassy in London, United Kingdom. The principal visa applicant is Plaintiff Matthew Paul Ferguson, a citizen of the United Kingdom ("Mr. Ferguson"). Mr. Ferguson's eligibility for an immigrant visa is derived from an approved I-140 Petition for Alien Worker filed by HTSA on Mr. Ferguson's behalf.

2. As explained more fully herein, Plaintiffs have fulfilled all the statutory and regulatory requirements for issuance of an immigrant visa. At Mr. Ferguson's in-person interview at the U.S. Embassy in London on February 18, 2020, he was told that his application was complete, and his passport was retained for visa issuance. Over a year has passed since the date of Mr. Ferguson's interview, yet Plaintiffs have not received a final adjudication of this immigrant visa application.

3. Most recently, Defendants indicated that processing of this immigrant visa could not proceed on account of Presidential Proclamation ("P.P") 10143. P.P. 10143 restricts entry into the United States within 14 days of physical presence in the United Kingdom. However, P.P. 10143 does not in any way restrict the issuance of immigrant visas or permit Defendants to delay the adjudication of immigrant visa applications. Furthermore, Plaintiffs articulated a plan to Defendants that would fully comply with P.P. 10143, but Defendants still refuse to adjudicate the instant immigrant visa application. Defendants' refusal to adjudicate this application is *ultra vires*, improper, and otherwise not in conformance with P.P. 10143 and U.S. law.

4. Defendants have improperly withheld adjudication on the application for an unreasonable period of time to the clear detriment of the Plaintiffs, HTSA and Mr. Ferguson.

## II. **PARTIES**

5. HTSA is a non-profit corporation incorporated in the state of Louisiana. Its principal office is located in Houma, Terrebonne Parish, Louisiana.

6. Mr. Ferguson is a citizen and resident of the United Kingdom.

7. Defendant United States Department of State (hereinafter, the "State Department" or "DOS") is the agency of the United States responsible for implementing the immigrant visa provisions of the Immigration and Nationality Act ("INA") and managing the work of the Embassy of the United States in London, United Kingdom.

8. Defendant Embassy of the United States in London, United Kingdom (hereinafter the "London Embassy") is the component of DOS responsible for processing immigrant visa applications and implementing immigrant visa provisions of the INA.

9. Defendant Antony Blinken, Secretary of State, is the highest ranking official within the DOS. Blinken is responsible for implementing the immigrant visa provisions of the INA and ensuring the agency's compliance with applicable federal laws, including the APA. Blinken is sued in his official capacity as an agent of the government of the United States.

10. Defendant Yael Lempert is the Chargé d'Affaires of the London Embassy. Lempert is being sued in her official capacity as an agent of the government of the United States.

11. Defendant John Doe I is the Chief of the Immigrant Visa Section at the London Embassy ("IV Chief"). IV Chief is responsible for implementing the immigrant visa provisions of the INA and managing the adjudication of all immigrant visa applications pending at the London Embassy. IV Chief is being sued in his or her official capacity as an agent of the government of the United States.

12. Defendant John Doe II is a consular officer at the London Embassy ("Officer"). Officer is responsible for implementing the immigrant visa provisions of the INA and adjudicating immigrant visa provisions at the London Embassy. Officer is being sued in his or her official capacity as an agent of the government of the United States.

### III. JURISDICTION AND VENUE

13. This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 28 U.S.C. § 1331 (federal question jurisdiction) and the Administrative Procedure Act, 5 U.S.C. §§ 555(b) and 701 et seq.

14. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1)(C) because no real property is involved in this action and HTSA is a nonprofit corporation incorporated in the state of Louisiana, with its principal office in Houma (Terrebonne Parish). *See Raduga USA Corp. v. U.S. Dept of State*, 440 F. Supp. 2d 1140, 1148 (S.D. Cal. 2005) (citing *Merchants Fast Motor Lines, Inc. v. I.C.C.*, 5 F.3d 911, 921 (5th Cir. 1993) ("For venue purposes the residence of a corporate plaintiff . . . is the place of incorporation.) (additional citations omitted).

### IV. FACTS AND PROCEDURAL HISTORY

15. HTSA seeks to employ Mr. Ferguson in Houma, Louisiana as its Director of Coaching. To further this objective, HTSA and Mr. Ferguson have been in the process of obtaining an immigrant visa on Mr. Ferguson's behalf since early 2018.

16. On January 16, 2019, HTSA filed an ETA-9089 Application for Permanent Employment Certification with the U.S. Department of Labor, which was approved on or about September 16,

2019. HTSA then filed an I-140 Petition for Alien Worker on behalf of Mr. Ferguson, which was approved by the U.S. Department of Homeland Security on September 30, 2019. *Exh. A*.

17. After approval, the U.S. Department of Homeland Security forwarded the approved I-140 petition to the National Visa Center (the "NVC"), a division of the DOS, for processing of Mr. Ferguson's immigrant visa application.

18. Mr. Ferguson completed his immigrant visa application (Form DS-260) on November 14, 2019 and submitted all the required documents to the DOS (through the NVC) on November 15, 2019. The DOS confirmed receipt of all the required documents and forms from Mr. Ferguson on December 17, 2019. *Exh. B*.

19. On January 7, 2020, the DOS sent Mr. Ferguson a notice scheduling him for an interview on his application at the London Embassy. *Exh. B*. Mr. Ferguson attended his interview on February 18, 2020.

20. At his in-person interview, Officer told Mr. Ferguson that everything was in order, that Mr. Ferguson's application was complete and would be approved, and that Mr. Ferguson's immigrant visa should be issued and sent to him within a couple of weeks. Officer retained Mr. Ferguson's passport to print and issue the visa therein.

21. The following day, on February 19, 2020, Mr. Ferguson received an email indicating the available visa numbers in his category had been exhausted, and the London Embassy could not approve or issue his visa until Mr. Ferguson's visa category became current or available again. *Exh. C*.

22. On August 1, 2020, Mr. Ferguson's visa number ("priority date") became current or available once more. *Exh. D*. Mr. Ferguson contacted the London Embassy on or about August 11,

2020 to inquire about the status of his application and request the London Embassy proceed with adjudication and issuance of his immigrant visa. *Exh. E.* Mr. Ferguson also requested a national interest exception to the travel restrictions in place under Presidential Proclamation 10014. Mr. Ferguson has remained in frequent contact with the London Embassy since August 2020, but to date, has not received a final adjudication of his immigrant visa application. *Exh. E.*

23. According to Mr. Ferguson's current online case status, his visa has been "refused." *Exh. H.* However, this alleged "refusal" is not a final adjudication of his immigrant visa application. First, this alleged "refusal" does not conform to the requirements for an official refusal outlined in 22 C.F.R. §42.81(b). Moreover, on or about October 27, 2020, Mr. Ferguson noticed his online case status had been marked "refused" and contacted the London Embassy for more information. On or about October 29, 2020, the London Embassy replied, indicating Mr. Ferguson "need not be concerned" because the refusal was only "temporary." *Exh. E.*

24. Due to Defendants' delay in adjudicating this immigrant visa application, Mr. Ferguson has been forced to undergo and resubmit a second medical examination and police clearance certificate. *Exh. E.* In fact, Mr. Ferguson's second medical examination is now due to expire this month (April 2021). Therefore, Defendants' failure to promptly adjudicate this application will likely result in further delay and substantial cost of repeating the medical exam a third time.

25. Plaintiffs have sought Congressional assistance on this matter through Congressman Steve Scalise's office. *Exh. F.* On or about March 8, 2021, the London Embassy indicated Congressman Scalise's office that it was "unable to proceed" on Mr. Ferguson's application at this time due to the current Presidential Proclamation restricting travel from the United Kingdom to the United States (P.P. 10143). *Exh. G.*

## V. **FIRST CLAIM FOR RELIEF**

26. In support of their first claim for relief, Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

27. Under the Mandamus and Venue Act of 1961, district courts have original jurisdiction to consider actions "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A claim for mandamus will lie if plaintiffs can demonstrate (1) they have a clear right to the relief requested; (2) the defendants have a clear duty to perform the act in question; and (3) no other adequate remedy is available. *Am. Hospital Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016). A district court may grant relief in the form of mandamus when it finds "compelling equitable grounds" exist, or when a plaintiff shows "the agency's delay is so egregious as to warrant mandamus." *Id.* As demonstrated herein, Plaintiffs clearly meet all of these criteria.

28. Plaintiffs have a clear right to have this immigrant visa matter adjudicated. *See e.g., Patel v. Reno*, 134 F.3d 929 (9th Cir. 1997). Plaintiffs have fully complied with all the statutory and regulatory requirements for issuance of an immigrant visa, including the submission of all necessary forms and required documents. Defendants have been in possession of all the documents and information necessary to adjudicate this application since at least February 18, 2020.

29. Furthermore, both HTSA and Mr. Ferguson fall within the "zone of interests" on this matter. *See Raduga USA Corp.*, 440 F. Supp. 2d at 1146–1148 (finding both the intending immigrant employee and the petitioning employer to have standing under Article III of the U.S. Constitution and the APA). Both plaintiffs have been directly and adversely impacted by the Defendants' failure to adjudicate this immigrant visa application. Because of the delay, Mr.

Ferguson has been unable to commence employment with HTSA in Houma, causing both parties to suffer loss of income and other hardships.

30. Defendants also have a clear, nondiscretionary duty to adjudicate this immigrant visa petition. Consular officers are required by law to act on all properly completed visa applications. *See* 22 C.F.R. § 42.81; *Patel*, 134 F.3d at 932. "When a visa application has been properly completed and executed before a consular office in accordance with the provisions of the INA and the implementing regulations, the consular officer shall either issue or refuse the visa. Every refusal shall be in conformance with the provisions of 22 C.F.R. 40.6." 22 C.F.R. § 42.81; *Patel*, 134 F.3d at 932.

31. Despite the clear, nondiscretionary duty to act, Defendants have failed to issue a final and proper adjudication of this immigrant visa matter. Though Mr. Ferguson's online case status shows his visa was "refused," by the London Embassy's own admission that refusal is only "temporary," and Plaintiffs have not received a refusal notice conforming to the requirements of 22 C.F.R. § 42.81(b).  A purported refusal that fails to comply with the regulatory requirements is not a final adjudication.  *Patel*, 134 F.3d at 932.  Additionally, Plaintiffs are not aware of any potential legal basis for refusal of a visa in this matter – Officer indicated to Mr. Ferguson at his interview that the immigrant visa application was complete and would be approved.

32. There is no exception to Defendants' duty to act on this immigrant visa application, and case law makes it clear that it is improper to "suspend" or hold visa processing in "abeyance" for an indefinite period of time.  *Patel*, 134 F.3d at 932.

33. Plaintiffs have been in frequent direct contact with the London Embassy since August 2020 to request adjudication of this immigrant visa application. Plaintiffs also sought Congressional

assistance through Congressman Steve Scalise's office. Plaintiffs have thus exhausted all administrative remedies available to them, and there are no other alternative, adequate, or reasonable means of compelling a decision on this matter. *See e.g. Raduga USA Corp.*, 440 F. Supp. 2d at 1149.

34. Finally, there are compelling equitable grounds that weigh in favor of issuing a writ of mandamus. Defendants' delay in adjudicating this application is unreasonable and egregious. As noted *supra*, Defendants have been in possession of the necessary documents and information since at least February 2020. Mr. Ferguson's visa number was current at the time of his interview on February 18, 2020 and became current again on August 1, 2020. Notwithstanding, the London Embassy has failed to adjudicate this immigrant visa matter, causing substantial economic and other hardships to Plaintiffs. Mr. Ferguson has already been forced to undergo two medical examinations to support his application, and unless action is taken on his application in the next couple of weeks, his most recent examination will expire and he will be forced to undergo a third medical examination, causing further delay and expense. Mr. Ferguson has also suffered a direct loss of income as he cannot take up the position with HTSA until the visa is issued. Finally, the greatest cost of this delay has been the loss to HTSA of Mr. Ferguson's skill and leadership. Without his services as Director of Coaching, HTSA has suffered financial losses and organizational difficulties due to reduced operating capacity and diminished programming.

35. Defendants are withholding adjudication of this immigrant visa application on legally improper grounds. In response to Mr. Ferguson's and Congressman Scalise's inquiries on this matter, Defendants claimed that Presidential Proclamation 10143 impedes the adjudication of this immigrant visa application. *Exh. F.* However, P.P. 10143 does not impede adjudication of

immigrant visa applications. Rather, it prevents *entry* to the United States within 14 days of departure from the United Kingdom. *Exh. G.* P.P. 10143 adopts limited, 14-day travel restrictions designed to reduce the risk of exposure to COVID-19. P.P. 10143 is not a ban on the issuance of immigrant visas and does **not** permit Defendants to place a properly completed immigrant visa application on hold indefinitely.

36. Although not a requirement for visa issuance, Plaintiffs clearly articulated a plan to Defendants that would fully comply with the travel restrictions of P.P. 10143. On February 25, 2021, Mr. Ferguson informed the London Embassy of his plan to travel to a third country for a period of fourteen days or more prior to entering the United States. *Exh. E.* Defendants' refusal to adjudicate this application is thus even more egregious – P.P. 10143 does not impede issuance of this immigrant visa, and even though P.P. 10143 might impact Mr. Ferguson's immediate entry to the U.S., Plaintiffs have articulated clear plan to Defendants for compliance with P.P. 10143.

37. Additionally, though it also is not a requirement for adjudicating this immigrant visa petition, Mr. Ferguson is eligible for a "national interest exception" to the 14-day travel restrictions imposed by P.P. 10143 due to the nature of Mr. Ferguson's intended employment in the U.S. and his support of critical infrastructure.

38. Furthermore, on April 8, 2021, the Secretary of State announced that "travel on an immigrant or fiancé(e) visa is in the national interest for purposes of granting exceptions under the geographic COVID proclamations." The Secretary specifically directed to "grant immigrant and fiancé(e) visas to applicants otherwise eligible." *Exh. I.* Notwithstanding the Secretary's announcement, the London Embassy still refuses to adjudicate Mr. Ferguson's immigrant visa application.

39. Ultimately, Defendants are in possession of all the documents and information necessary to adjudicate this application – the only remaining step is to issue Mr. Ferguson's immigrant visa and return his passport.  Even though P.P. 10143 limits his entry to the United States within 14 days of departing the United Kingdom, Mr. Ferguson has confirmed his awareness of the travel restrictions, he is entitled to an automatic exception of P.P. 10143, has articulated a plan for compliance with P.P. 10143, and expressed his intent to abide by all COVID-19 testing requirements and protocols. P.P. 10143 does not order or permit the indefinite suspension of immigrant visa processing from the United Kingdom. Accordingly, there is no legal or procedural impediment to adjudicating this immigrant visa application, and Defendants' failure to adjudicate this immigrant visa application is contrary to law and warrants issuance of a writ of mandamus.

## VI. SECOND CLAIM FOR RELIEF

40. In support of their second claim for relief, Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set our herein.

41. The APA requires that "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b). Section 555(b) of the APA thus creates a nondiscretionary duty to conclude agency matters. *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991). The APA further permits district courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C.  706(1).

42. As outlined *supra*, Defendants have unlawfully withheld or unreasonably delayed adjudication of the instant immigrant visa application. Generally speaking, there is no absolute deadline for adjudicating immigrant visa applications.  However, in 8 U.S.C. § 1571(b) Congress

has expressed its general "sense" that immigrant benefit applications "should be completed not later than 180 days after the initial filing of the application."

43. Here, Defendants were in possession of all the documents and information necessary to adjudicate this immigrant visa application by at least February 2020. Though visa numbers in his category were exhausted the day after his interview, Mr. Ferguson's priority date became current again on August 1, 2020. Eight more months have passed, yet Defendants still have not rendered a proper, final adjudication of this application as required by 22 C.F.R. 42.81.

44. As indicated in the factual history, Mr. Ferguson has already been forced to undergo two separate medical examinations to support his immigrant visa application and will likely be forced to undergo a third examination if his application is not adjudicated this month. Medical examinations for immigrant visa purposes are generally valid for a period of six months, and historically, most immigrant visa applications are processed within the six-month validity period of the initial medical examination. The fact that Mr. Ferguson is about to be forced to complete a third medical examination further demonstrates the adjudication of his application has been unreasonably delayed or unlawfully withheld.

45. The current travel restrictions imposed by P.P. 10143 govern *entry* to the U.S. within 14 days of physical presence in certain countries, including the United Kingdom. These travel restrictions ***do not*** preclude the proper adjudication and issuance of immigrant visas, particularly not in the case where an applicant clearly articulates a reasonable plan for complying with the restrictions.

46. Defendants' refusal to adjudicate this immigrant visa application has severely prejudiced the personal and economic interests of both Plaintiffs. As noted, Plaintiffs have been seeking an

immigrant visa on Mr. Ferguson's behalf since 2018. HTSA has been waiting to employ Mr. Ferguson in the capacity of Director of Coaching for approximately three years.  When Mr. Ferguson attended his immigrant visa interview in February 2020, both HTSA and Mr. Ferguson believed this lengthy process was nearing an end.  Unfortunately, now more than a full calendar year has passed, yet Defendants have failed to properly issue a decision on this matter.

## VII.    THIRD CLAIM FOR RELIEF

47. In support of their third claim for relief, Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set our herein.

48. Under 28 U.S.C. §2201 et seq., this Honorable Court may issue a declaratory judgment declaring the rights of an interested party and with the force and effect of a final judgment.

49. Defendant's failure to adjudicate this immigrant visa petition is, in part, based on their improper interpretation and application of P.P. 10143.

50. The current travel restrictions imposed by P.P. 10143 restrict entry to the U.S. within 14 days of physical presence in certain countries, including the United Kingdom. P.P. 10143 directs the Secretary of State to "implement this proclamation as it applies to visas pursuant to such procedures as the Secretary of State, in consultation with the Secretary of Homeland Security, may establish." P.P. 10143 further indicates that the Secretary of State "shall ensure that any noncitizen subject to this proclamation does not board an aircraft traveling to the United States, to the extent permitted by law."  According to the text of P.P. 10143, these travel restrictions may remain in place indefinitely.

51. Based on their correspondence with Plaintiffs, it appears Defendants have improperly concluded P.P. 10143 permits them to hold immigrant visa applications in abeyance for as long as the travel restrictions remain in place. This conclusion is *ultra vires* and contrary to U.S. law.

52. As discussed *supra*, Defendants have an affirmative duty to act on immigrant visa applications and must properly issue or refuse applications as outlined in the appropriate regulations. It is well established in case law that immigrant visa applications cannot be held in abeyance, and there is no "exception" to the duty to act, even if suspending processing of a case might arguably be supported by good cause. *Patel*, 134 F.3d at 932.

53. Interpreting P.P. 10143 in a way that permits Defendants to place immigrant visa applications on hold indefinitely brings this proclamation in conflict with the INA and governing regulations and is thus, *ultra vires*.

## VIII.   REQUEST FOR RELIEF

WHEREFORE, in light of the foregoing, the plaintiffs, Houma Terrebonne Soccer Association and Matthew Paul Ferguson, respectfully request this Honorable Court enter an order granting the following relief:

1. Compelling the Defendants through a writ of mandamus to adjudicate the immigrant visa application of Matthew Paul Ferguson within thirty days;

2. Declaring P.P. 10143 does not impede the final adjudication of immigrant visa applications and that in withholding adjudication of Mr. Ferguson's immigrant visa applications under the auspices of P.P. 10143, Defendants have violated their statutory and regulatory duties and acted contrary to law;

3. Enjoining Defendants from interpreting and applying P.P. 10143 in a manner that prohibits the adjudication of Mr. Ferguson's properly completed immigrant visa application;

4. Awarding Attorney's fees, legal interests, and costs expended herein pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

5. Granting such other and further relief as this Honorable Court may deem just and proper.

Respectfully Submitted,

/s/ Leah Spivey
By: Leah Spivey
La. Bar Roll # 32705
Gasparian Spivey Immigration
829 Baronne St.
New Orleans, LA 70113
Tel. (504) 262-9878
Fax (504) 581-7651
leah@gsimmigrationlaw.com

ATTORNEY FOR PLAINTIFFS,
Houma Terrebonne Soccer Association and Matthew Paul Ferguson

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been submitted by U.S. mail, postage prepaid, to the U.S. Attorney's office located at 650 Poydras St. Ste. 1600, New Orleans, Louisiana 70130.

On this the 14th day of April, 2021.

/s/ Leah Spivey
Leah Spivey, Esq.